VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

FILED

SEP 2 2 2008

CLERK, US DISTRICT COURT
NORFOLK, VA

AMANDA DEANNE SMITH,                         )
                                             )
                          Plaintiff,         )
v.                                           )   Case No. 2:08cv449
                                             )   TRIAL BY JURY IS
CITY OF VIRGINIA BEACH,                       )   DEMANDED
Please Serve:  LESLIE L. LILLEY, ESQ., City Attorney   )
               Office of the City Attorney   )
               Municipal Center, Bldg. 1     )
               2401 Courthouse Drive, Ste. 260   )
               Virginia Beach, Virginia  23456   )
               (City of Virginia Beach)      )
                                             )
CITY OF VIRGINIA BEACH POLICE DEPARTMENT,    )
Please Serve:  Alfred M. Jacocks, Jr., Chief of Police   )
               2509 Princess Anne Rd.        )
               Municipal Center, Bldg. 11    )
               Virginia Beach, VA 23456      )
               (City of Virginia Beach)      )
                                             )
ALFRED M. JACOCKS, JR., CHIEF OF POLICE       )
CITY OF VIRGINIA BEACH,                       )
Please Serve:  2509 Princess Anne Rd.        )
               Municipal Center, Bldg. 11    )
               Virginia Beach, VA 23456      )
               (City of Virginia Beach)      )
                                             )
SERGEANT T. T. YARBROUGH,                     )
Please Serve:  2509 Princess Anne Rd.        )
               Municipal Center, Bldg. 11    )
               Virginia Beach, VA 23456      )
               (City of Virginia Beach)      )
                                             )
OFFICER R. R. RAY,                            )
Please Serve:  Officer R. R. Ray             )
               2667 Leroy Road               )
               Virginia Beach, Virginia 23456   )
               (City of Virginia Beach)      )
                                             )

1

UNKNOWN UNIFORMED CITY OF                                    )
VIRGINIA BEACH POLICE OFFICERS,                              )
Please Serve: _____                       )
                  _____                   )
                  _____                   )
                                                             )
AND                                                          )
                                                             )
TONY F. BULLARD,                                             )
Please Serve:  1615 Waterside Drive, North                   )
               Chesapeake, VA 23320                          )
               (City of Chesapeake)                          )
                                                             )
                          Defendants.                        )

## COMPLAINT

COMES NOW the Plantiff, Amanda Deanne Smith, by counsel, for her Complaint,

against City of Virginia Beach; City of Virginia Beach Police Department; Alfred M. Jacocks,

Jr., Chief of Police City of Virginia Beach; Sergeant T. T. Yarbrough; Officer R. R. Ray;

Unknown Uniformed City of Virginia Beach Police Officers; and Tony F. Bullard; and in support

thereof states as follows:


### *Parties*

1.      At all times relevant herein, Plaintiff Amanda Deanne Smith (hereinafter "Smith")

was a citizen of the Commonwealth of Virginia and a resident of the City of Virginia Beach.

2.      At all times relevant herein, the City of Virginia Beach (hereinafter "City") is and

was a city chartered, organized, and existing under the laws of the Commonwealth of Virginia.

3.      At all times relevant herein, the City of Virginia Beach Police Department

(hereinafter "Police Department") is and was an agency created by and existing under the aegis of

2

the City of Virginia Beach, and subject to control and/or mandate by the City of Virginia Beach.

4.    At all times relevant herein, the Police Department was an agency of the City, having the purpose of "provid[ing] for the protection of its inhabitants and property and for the preservation of peace and good order therein." *Code of Virginia § 15.2-1700 (1950 amended).*

5.    At all times relevant herein, Alfred M. Jacocks, Jr., Chief of Police City of Virginia Beach (hereinafter "Chief of Police") was the Chief of Police for the City of Virginia Beach and the supervisor for Officer Ray, Sergeant Yarbrough, and/or the Other Officers.

6.    At all times relevant herein, upon information and belief, Sergant T. T. Yarbrough (hereinafter "Sergeant Yarbrough") was employed by the City and the Police Department as a police officer and acting under color of his office as an Officer of the Professional Standards Office of the Police Department.

7.    At all times relevant herein, upon information and belief, Officer R. R. Ray (hereinafter "Officer Ray") was employed by the City and the Police Department as a police officer, having a badge number of 1960, and was in uniform and displaying his badge of authority.

8.    At all times relevant herein, upon information and belief, other unknown uniformed City of Virginia Beach Police Officers (hereinafter "Other Officers") were employed by the City and the Police Department as police officers and were in uniform and displaying their badge of authority.

9.    At all times relevant herein, Tony F. Bullard (hereinafter "Bullard") was a citizen of the Commonwealth of Virginia and a resident of the City of Chesapeake.

10.    At all times relevant herein, Officer Ray and/or the Other Officers were

3

supervised by certain unknown members of the Police Department, from his/their direct supervisor(s) up to Alfred M. Jacocks, Jr., Chief of Police, in a hierarchical chain of command (hereinafter, collectively, the "Unknown Police Supervisors").

### *Jurisdiction*

11.    *In personam* jurisdiction is proper in this matter for tort and common-law matters under *Code of Virginia §8.01-328.1* (1950 amended).

12.    Smith also invokes this Court's jurisdiction over City, Police Department, Chief of Police, Sergeant Yarbrough, Officer Ray, and Other Officers under 42 U.S.C. §1983.

### *Venue*

13.    All parties to this action resided in or are located within the boundaries of this judicial district at all times relevant herein, and the incident giving rise to this cause of action took place within the boundaries of the City of Virginia Beach. Venue is proper in the Circuit Court for the City of Virginia Beach pursuant to *Code of Virginia §8.01-262 (1950 amended).*

### *Facts*

14.    On or about September 21, 2006 between at approximately 5:00 p.m., Smith was a guest at a friend's home at 4798 Marlwood Way, in the City of Virginia Beach, Virginia.

15.    At that time and place, Smith was inside the residence at 4798 Marlwood Way (hereinafter "Marlwood Way") when she heard a knock at the front door of the residence.

16.    Smith answered the front door, and saw an officer in uniform, later identified as Officer Ray, as well as a man in plain clothes, later identified as Bullard, the step-father looking for his runaway teenage son, Timmy Vanscoik (hereinafter "Timmy"), standing just outside of the front door of the residence.

4

17.     Officer Ray then asked Smith to step outside, and as Smith opened the storm door or screen door and stepped outside of the residence, the front door closed behind her, closing Smith off from the inside of the residence.

18.     Officer Ray asked Smith a number of preliminary, identifying questions, which Smith answered truthfully.

19.     Then Officer Ray asked Smith if Timmy was there, indicating that he was asking if Timmy was inside the residence.

20.     Smith replied to Officer Ray that Timmy was not in the residence.

21.     Officer Ray next asked Smith if "Joel" was there, indicating that he was asking if "Joel" was inside the residence, to which Smith replied that he was.

22.     Smith then asked Officer Ray and the man in plain clothes to "hold on," as Smith intended to go inside the residence and get "Joel" to come outside.

23.     Smith had turned and opened the screen door or storm door partway when Officer Ray reached over Smith's right shoulder and, without a word, slammed shut the screen door from behind Smith.

24.     Smith was startled by Officer Ray's actions, and stepped backwards and to the side such that she stepped off of the small stoop in front of the residence's front door and into a small garden immediately adjacent to the stoop.

25.     Officer Ray then attempted to grab Smith's arm, and Smith, again startled, pulled her arm away and asked Officer Ray what he was doing.

26.     Officer Ray did not respond to Smith's question, but again attempted to grab Smith above her right elbow, and this time succeeded in grabbing Smith above her right elbow.

27.     Officer Ray attempted then to drive her and or otherwise cause her body to fall to the ground.

28.     Upon information and belief, Officer Ray motioned and/or otherwise indicated to Bullard that he should assist Officer Ray in forcing Smith to the ground.

29.     Upon information and belief, Bullard kicked and/or otherwise forced out from under Smith, her legs, such that Smith was flung down to the ground, where she lay on her stomach.

30.     As Smith lay on her stomach on the ground, Officer Ray knelt down with all or most of his weight on the right side of Smith's back, and twisted and pulled Smith's right arm painfully up toward her right shoulder such that Smith was able to look to her right and see the fingers of her right hand close to her face.

31.     As Officer Ray knelt heavily on Smith's back and painfully twisted Smith's arm, Smith realized she could not breathe and could not speak, and tried to push herself up with her left hand to tell Officer Ray that she could not breathe.

32.     Smith indicated to Officer Ray that she could not breathe and asked him to stop kneeling on her back.

33.     Officer Ray then told Smith to put her arms out to her sides.

34.     Smith replied with some effort that she could not put her arms our to her sides.

35.     Officer Ray then struck Smith hard in the right side three times, and yelled at Smith to put her arms out.

36.     Smith again replied with some effort that she couldn't because Officer Ray was still holding her twisted right arm and if she put her left arm out to the side she would be unable

6

to breathe.

37.     During this exchange, Officer Ray continued to kneel heavily on Smith's back and to twist her right arm up over her right shoulder.

38.     One or more of the Other Officers all of whom were employed by the City and the Police Department as police officers, and was/were in uniform and displaying his/their badge(s) of authority, arrived at Marlwood Way.

39.     Officer Ray then handcuffed Smith's right wrist, then grabbed her left wrist and pulled her left arm around to handcuff Smith's left wrist.

40.     Officer Ray handcuffed Smith with the assistance of one or more of the Other Officers.

41.     Officer Ray then stood up and pulled Smith up by her ponytail from her prone position to a standing position with such force that a sizeable portion of Smith's hair was ripped loose from her scalp.

42.     Once Smith was standing, Officer Ray led Smith toward his marked police car, which was parked on the public street in front of the residence.

43.     Once Officer Ray and Smith were near Officer Ray's police car, Officer Ray patted Smith down and asked Smith if she had any weapons, to which Smith replied she had a pocketknife.

44.     Officer Ray stated to Smith that he did not find the pocketknife, to which Smith replied that she probably had left the pocketknife inside the residence.

45.     Officer Ray left Smith standing near Officer Ray's police car with one or more of the Other Officers, who had arrived at the scene, as Officer Ray walked toward the residence.

7

46.     While Officer Ray was walking toward the residence, one of the Other Officers conducted a second pat-down search of Smith, inappropriately fondling Smith's breasts and penetrating Smith's genitals as Smith screamed for anyone who would listen that she was being molested.

47.     Upon information and belief, Officer Ray and one or more of the Other Officers was/were present at Marlwood Way, saw the inappropriate second pat-down search of Smith, and/or heard Smith screaming and took no action in response thereto.

48.     Smith's cries that she was being molested elicited no response from anyone.

49.     After Smith had been molested by one of the Other Officers, Officer Ray returned to the area where the police car was parked, and indicated to Smith that he had found her pocket knife, her cellular telephone, and her keys near where he had thrown her to the ground.

50.     Smith then repeatedly asked Officer Ray why she was in trouble, and Officer Ray ignored her and did not respond.

51.     A third, unidentified police officer had arrived and, at that time, one or more of the Other Officers put Smith in a police car and drove around the corner to the side of the residence, parking on the street to the side of the residence.

52.     By that time, at least four or five Other Officers had joined Officer Ray at the scene.

53.     As Smith remained in the police car, Officer Ray, one or more of the Other Officers in uniform searched the inside of the residence.

54.     Smith again loudly and repeatedly asked the Other Officers through the closed car door why she was in trouble and what she had been arrested for, although the Other Officers

8

ignored her and refused to answer her questions.

55.     At one point, Officer Ray opened the front, passenger-side door of the police car to get something out of the front seat, but ignored Smith's repeated questions at that time about why she was being arrested and why she was in trouble, and Officer Ray got out of the car and stood just outside as Smith repeatedly questioned why she was in trouble.

56.     After a time, Officer Ray got back into the police car and drove off with Smith still in the back.

57.     While driving, Officer Ray told Smith she was being charged with obstruction of justice and unlawfully carrying a concealed weapon

58.     While driving, Officer Ray attempted to question Smith.

59.     Officer Ray then explained that Smith was being charged with unlawfully carrying a concealed weapon because of the pocketknife, and that Smith was being charged with obstruction of justice because when he tried to grab her the first time, she jumped away from his grasp.

60.     At no time prior to placing her in handcuffs did Officer Ray tell Smith that she was under investigative detention.

61.     Officer Ray never advised Smith of her Miranda Rights.

62.     In the alternative, Officer Ray did not advise Smith of her Miranda Rights until after he began questioning her.

63.     Officer Ray drove Smith to a City of Virginia Beach police station or other detention facility, where Smith was processed, including having her fingerprints and photograph taken, then placed in a cell.

9

64. Smith requested to be able to speak to a doctor or a nurse about the lingering pain in her shoulder, and finally, she spoke to a nurse, whose identity is unknown at this time, but who thoroughly documented in writing her examination of Smith.

65. Smith received no medical treatment from the City of Virginia Beach police department, or any employee thereof, apart from being given a physical examination.

66. Upon information and belief, the physical examination undergone by Smith revealed injuries to Smith.

67. After being released on bail, Smith made an oral request of the City of Virginia Beach police department for a copy of the nurse's report taken while Smith was in custody.

68. The City of Virginia Beach police department told Smith that she could not get a copy of the nurse's report herself, but would have to have an attorney request a copy on her behalf.

69. Smith thereafter sought medical care for continuing pain in her shoulder and in her side at or near her rib cage, incurring costs for the same.

70. Smith continues to suffer from debilitating pain in her shoulder, which pain was, upon information and belief, caused by the unreasonable and unnecessary force exerted upon her by Officer Ray on or about September 21, 2006 as set forth more fully above.

71. Additionally and/or in the alternative, Smith continues to suffer from debilitating pain in her shoulder, which pain was, upon information and belief, caused in part by Bullard on or about September 21, 2006 as set forth more fully above.

72. Upon information and belief, at no time did Officer Ray or Other Officer produce any warrant providing authority for either the search of the premises at 4798 Marlwood Way or

the arrest of Smith, and no such warrant was ever issued prior to Smith's arrest.

### COUNT I - Assault - Tony Bullard

73.     Smith hereby realleges and reincorporates paragraphs 1 through 72 as if fully set forth herein.

74.     In doing the acts as alleged above, Bullard acted with the intent to make a contact with Smith's person, or in the alternative, acted with the intent to make a harmful, offensive and/or deleterious contact.

75.     In doing the acts as alleged above, Bullard caused and/or intended to place Smith in apprehension of harmful and offensive contact with her person.

76.     As a result of the acts of Bullard as alleged above, Smith was in fact placed in great apprehension of a harmful and offensive contact with her person.

77.     At no time did Smith consent to any of the acts of Bullard.

78.     As a direct and proximate cause of the acts of Bullard believed to be assault, Smith has suffered, suffers now and will continue to suffer in the future damages, including without limitation, inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count I, Assault - Tony Bullard, Amanda Smith, plaintiff, by counsel, moves that the Court enter judgment against Tony F. Bullard, individually, and award

damages in an amount not to exceed $500,000.00, plus costs and attorney's fees; and that the Court grant such other and further and general relief as the nature of the case and justice may require.

### COUNT II - Battery - Tony Bullard

79.    Smith hereby reincorporates and realleges paragraphs 1 through 78 as if fully set forth herein.

80.    Additionally, or in the alternative, in doing the acts as alleged above, Bullard acted with the intent to make a contact with Smith's person, or in the alternative, acted with the intent to make a harmful, offensive and/or deleterious contact.

81.    Bullard made a harmful contact with Smith's person.

82.    At no time did Smith consent to any of the unlawful or inappropriate acts of Bullard, including without limitation that Smith did not consent to any physical contact by Officer Ray.

83.    As a direct and proximate cause of the acts of Bullard believed to be battery, Smith has suffered, suffers now and will continue to suffer in the future damages, including without limitation, inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count II, Battery - Tony Bullard, and additionally or in the

12

alternative to Count I, Amanda Smith, plaintiff, by counsel, moves that the Court enter judgment against Tony Bullard, individually, and award damages in the amount not less than $500,000.00, plus costs and attorney's fees; and that the Court grant such other and further and general relief as the nature of the case and justice may require.

### COUNT III - Assault - Other Officers

84.     Smith hereby realleges and reincorporates paragraphs 1 through 83 as if fully set forth herein.

85.     In doing the acts as alleged above, the Other Officers acted with the intent to make a contact with Smith's person, or in the alternative, acted with the intent to make a harmful, offensive and/or deleterious contact.

86.     In doing the acts as alleged above, the Other Officers caused and/or intended to place Smith in apprehension of harmful and offensive contact with her person.

87.     As a result of the acts of the Other Officers as alleged above, Smith was in fact placed in great apprehension of a harmful and offensive contact with his person.

88.     At no time did Smith consent to any of the acts of the Other Officers.

89.     As a direct and proximate cause of the acts of the Other Officers believed to be assault, Smith has suffered, suffers now and will continue to suffer in the future damages, including without limitation, inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual

13

activities; and has been deprived of earnings.

WHEREFORE, as to Count III, Assault - Other Officers, and reserving the right to supplement and/or to amend her Complaint to add additional facts and/or to identify further the Other Officers, Amanda Smith, plaintiff, by counsel, moves that the Court enter judgment against the Other Officers, and award damages in the amount not less than $500,000.00, plus costs and attorney's fees; and that the Court grant such other and further and general relief as the nature of the case and justice may require.

## COUNT IV - Battery - Other Officers

90. Smith hereby reincorporates and realleges paragraphs 1 through 89 as if fully set forth herein.

91. Additionally, or in the alternative, in doing the acts as alleged above, one or more of the Other Officers acted with the intent to make a contact with Smith's person, or in the alternative, acted with the intent to make a harmful, offensive and/or deleterious contact.

92. One or more of the Other Officers made a harmful contact with Smith's person.

93. At no time did Smith consent to any of the unlawful or inappropriate acts of the Other Officers, including without limitation that Smith at no time consented to any touching and/or handcuffing by any of the Other Officers.

94. As a direct and proximate cause of the acts of the Other Officers believed to be battery, Smith has suffered, suffers now and will continue to suffer in the future damages, including without limitation, inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation;

14

embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count IV, Battery - Other Officers, and reserving the right to supplement and/or to amend her Complaint to add additional facts and/or to identify further the Other Officers, and additionally or in the alternative to Count III, Amanda Smith, plaintiff, by counsel, moves that the Court enter judgment against the Other Officers, and award damages in an amount not to exceed $500,000.00; and that the Court grant such other and further and general relief as the nature of the case and justice may require.

## COUNT V - False Imprisonment - Other Officers

95.     Smith hereby realleges and reincorporates paragraphs 1 through 94 as if fully set forth herein.

96.     On or about September 21, 2006, at the time and place set forth above, the Other Officers, without justification, consent or excuse, physically and forcefully restricted Smith's movement in an unlawful and/or unconstitutional manner.

97.     The actions of the Other Officers constituted a direct restraint on Smith's physical liberty, i.e. the freedom of locomotion, by one or more other persons, namely the Other Officers.

98.     The Other Officers falsely imprisoned Smith, as shown by the actions as pleaded more particularly above.

99.     Upon information and belief, The Other Officers acted willfully, wantonly, and without regard for the rights of Smith.

100.    Alternatively, the Other Officers acted negligently or grossly negligently.

101.    As a direct and proximate result of the actions of the Other Officers as set forth above, Smith has suffered injury and damages, including without limitation inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count V and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against the Other Officers, either as to each individually or jointly and severally, in the amount of $3,500,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such further and general relief as the nature of its case and justice may require and to equity shall seem meet.

### COUNT VI - 42 U.S.C. §1983 - Officer Ray - Bystander Liability

102.    Smith hereby realleges and reincorporates paragraphs 1 through 101 as if fully set forth herein.

103.    Officer Ray was, at all times referred to herein, a police officer employed by the City of Virginia Beach and the City of Virginia Beach Police Department, and as such, he was responsible for enforcement of the laws of the Commonwealth of Virginia, and the laws and the Constitution of the United States of America including without limitation regarding the

16

protection of individual constitutional rights.

104.    Smith sues Officer Ray in his individual capacity.

105.    At all times referred to herein, Officer Ray acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Virginia Beach and the police department thereof, as well as the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia.

106.    Additionally, or in the alternative, Officer Ray had at all times relevant herein an affirmative duty to intervene to protect the constitutional rights of citizens, such as Smith, from infringement by other law enforcement officers.

107.    Officer Ray knew that one or more fellow officers, namely one or more of the Other Officers and/or Bullard acting under the color of law enforcement authority, violated and/or was in the process of violating Smith's constitutional rights, including without limitation her right to be free from unreasonable search and seizure under the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution, as follows:

> a.    Officer Ray knew that Bullard and/or one or more of the Other Officers was violating and/or had violated Smith's rights by their participation in an unlawful arrest without a warrant and without probable cause;
>
> b.    Officer Ray knew that Bullard and/or one or more of the Other Officers was violating and/or had violated Smith's rights by their use of excessive and/or unwarranted force in arresting Smith;
>
> c.    Officer Ray knew that one or more of the Other Officers was violating and/or had violated Smith's rights by their participation in the

17

unreasonable pat-down search of Smith involving inappropriate fondling of her breasts and genitalia, which amounted to sexual assault; and/or

d. Officer Ray knew that Bullard and/or one or more of the Other Officers was violating and/or had violated Smith's rights by their acts or omissions as set forth more particularly above.

108. As a result of the violations of Smith's constitutional rights as set forth above, Smith suffered injury and/or harm.

109. Officer Ray had a reasonable opportunity to prevent the harm inflicted on Smith as a result of the actions of Bullard and/or of one or more of the Other Officers in violation of Smith's constitutional rights.

110. Officer Ray chose not to act to prevent the violation of Smith's constitutional rights by Bullard and/or by one or more of the Other Officers, and in fact Officer Ray participated and/or encouraged the same.

111. Officer Ray denied Smith's right to due process under the law when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and of the Commonwealth of Virginia.

112. Officer Ray negligently, or in the alternative upon information and belief, intentionally denied Smith the benefit of the aforementioned laws and the Constitution of the United States, including without limitation Officer Ray denying the constitutional protections as set forth in the Fourth, Fifth and/or Fourteenth Amendments and other constitutional rights.

113. As a direct and proximate cause of Officer Ray's actions described above, Smith was denied due process when Smith was acting in accordance with her constitutional and

18

statutory rights, privileges, and immunities both as a citizen of the United States of America and as a citizen and resident of the Commonwealth of Virginia.

114.   As a result of Officer Ray's failure to act to prevent the deprivation of Smith's constitutional rights, Smith has suffered injury and damages, including without limitation inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count VI and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against Officer R. R. Ray, either as to each individually or jointly and severally, in the amount of $3,500,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such further and general relief as the nature of its case and justice may require and to equity shall seem meet.

### COUNT VII - 42 U.S.C. §1983 - Other Officers - Bystander Liability

115.   Smith hereby realleges and reincorporates paragraphs 1 through 114 as if fully set forth herein.

116.   Each of the Other Officers was, at all times referred to herein, a police officer

19

employed by the City of Virginia Beach and the City of Virginia Beach Police Department, and as such, each was responsible for enforcement of the laws of the Commonwealth of Virginia, and the laws and the Constitution of the United States of America including without limitation regarding the protection of individual constitutional rights.

117.    Smith sues the Other Officers in their individual capacities.

118.    At all times referred to herein, each of the Other Officers acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Virginia Beach and the police department thereof, as well as the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia.

119.    Additionally, or in the alternative, each of the Other Officers had at all times relevant herein an affirmative duty to intervene to protect the constitutional rights of citizens, such as Smith, from infringement by other law enforcement officers.

120.    One or more of the Other Officers knew that one or more of the Other Officers, Officer Ray and/or Bullard, acting under the color of law enforcement authority, violated and/or was in the process of violating Smith's constitutional rights, including without limitation her right to be free from unreasonable search and seizure under the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution, as follows:

a.    One or more of the Other Officers knew that one or more of the Other Officers, Officer Ray and/or Bullard was/were violating and/or had violated Smith's rights by their participation in an unlawful arrest without a warrant and without probable cause;

b.    One or more of the Other Officers knew that one or more of the Other

Officers, Officer Ray and/or Bullard was/were violating and/or had violated Smith's rights by their use of excessive and/or unwarranted force in arresting Smith;

c.    One or more of the Other Officers knew that one or more of the Other Officers, Officer Ray and/or Bullard was/were violating and/or had violated Smith's rights by their participation in the unreasonable pat-down search of Smith involving inappropriate fondling of her breasts and genitalia, which amounted to sexual assault; and/or

d.    One or more of the Other Officers knew that one or more of the Other Officers, Officer Ray and/or Bullard was/were violating and/or had violated Smith's rights by their acts or omissions as set forth more particularly above.

121.    As a result of the violations of Smith's constitutional rights as set forth above, Smith suffered injury and/or harm.

122.    One or more of the Other Officers had a reasonable opportunity to prevent the harm inflicted on Smith as a result of the actions of one or more of the Other Officers, Officer Ray and/or Bullard in violation of Smith's constitutional rights.

123.    One or more of the Other Officers chose not to act to prevent the violation of Smith's constitutional rights by one or more of the Other Officers, Officer Ray and/or Bullard.

124.    One or more of the Other Officers denied Smith's right to due process under the law when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and of the Commonwealth of

Virginia.

125. One or more of the Other Officers negligently, or in the alternative upon information and belief, intentionally denied Smith the benefit of the aforementioned laws and the Constitution of the United States, including without limitation one or more of the Other Officers denying the constitutional protections as set forth in the Fourth, Fifth and/or Fourteenth Amendments and other constitutional rights.

126. As a direct and proximate cause of the actions of one or more of the Other Officers described above, Smith was denied due process when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and as a citizen and resident of the Commonwealth of Virginia.

127. As a result of the failure to act by one or more of the Other Officers to prevent the deprivation of Smith's constitutional rights, Smith has suffered injury and damages, including without limitation inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count VII and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against the Other Officers, either as to each individually or jointly and severally, in the amount of

22

$3,500,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such further and general relief as the nature of its case and justice may require and to equity shall seem meet.

### COUNT VIII - 42 U.S.C. §1983 - Sergeant Yarbrough - Investigation

128.    Smith hereby realleges and reincorporates paragraphs 1 through 127 as if fully set forth herein.

129.    Upon information and belief, Sergeant Yarbrough had prior knowledge of the police use of excessive force and/or assaultive conduct towards detainees and/or arrestees such as Smith including but not limited to the acts as described above.

130.    Sergeant Yarbrough was, at all times referred to herein, a police officer and/or detective employed by the City of Virginia Beach and the City of Virginia Beach Police Department, and as such, he was responsible for enforcement of the laws of the Commonwealth of Virginia, and the laws and the Constitution of the United States of America including without limitation regarding the protection of individual constitutional rights.

131.    Smith sues Sergeant Yarbrough in his individual capacity.

132.    At all times referred to herein, Sergeant Yarbrough acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Virginia Beach and the police department thereof, as well as the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia.

133.    At all times relevant herein, Sergeant Yarbrough worked for the City and the Police Department in Professional Standards Office, which, upon information and belief, is

23

primarily responsible for investigating internal affairs issues within the Police Department and constitutional violations by the Police Department.

134.    Sergeant Yarbrough violated Smith's rights under the United States Constitution, including without limitation that Officer Ray violated Smith's rights under the Fifth and/or Fourteenth Amendments to the United States Constitution.

135.    Sergeant Yarbrough conducted flawed and/or incomplete investigation of Officer Ray and the Other Officers on behalf of the Police Department and City arising from the incidents described above.

136.    Sergeant Yarbrough conducted an interview in person of Amanda Smith under oath as to her allegations concerning Officer Ray and the incidents on September 21, 2008 and subsequent incarceration which was transcribed by a Court Reporter.

137.    Amanda Smith testified generally consistently with her allegations as set forth herein.

138.    Upon information and belief, Sergeant Yarbrough did not initiate this investigation until Smith gave notice of her tort claims including without limitation to the City and Police Department, well after the date of the above described acts.

139.    Upon information and belief, Sergeant Yarbrough conducted the investigation of the above described acts in such a manner as to find the same "Unfounded" and/or to otherwise exonerate Officer Ray and/or the Other Officers of any violations, however designated whether constitutional or otherwise, which arose due to their acts as described above.

140.    At all times relevant herein, Sergeant Yarbrough possessed information that should have led him to find that Officer Ray and/or the Other Officers committed violations of

24

Smith's constitutional rights, including without limitation a warrantless arrest and failure to read Smith her Miranda rights prior to any questioning of Smith and use of excessive force to detain and/or arrest Smith.

141.     Sergeant Yarbrough denied Smith of her due process of the law and/or upon information and belief misapplied the mechanisms of the United States government and/or of the government of the Commonwealth of Virginia charged with protecting these rights to such an extent as to deprive her of her due process under the law.

142.     Sergeant Yarbrough denied Smith's due process under the law when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and of the Commonwealth of Virginia.

143.     Sergeant Yarbrough negligently, or in the alternative upon information and belief, intentionally denied Smith the benefit of the aforementioned laws and the Constitution of the United States, including without limitation Sergeant Yarbrough denying the protections of the Due Process Clause and as set forth in the Fifth and/or Fourteenth Amendment and other due process rights.

144.     As a direct and proximate cause of Sergeant Yarbrough's actions described above, Smith was denied due process when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and as a citizen and resident of the Commonwealth of Virginia.

145.     As a direct and proximate result of the above acts by Sergeant Yarbrough committed under the color of law and under his authority as an officer and/or detective of the City of Virginia Beach police department, Smith suffered injuries and harm in connection with

the deprivation of her constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, as well as by the Constitution of the Commonwealth of Virginia.

WHEREFORE, as to Count VIII and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against Sergeant T. T. Yarbrough, individually, in the amount of $1,000,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such further and general relief as the nature of its case and justice may require and to equity shall seem meet.

## COUNT IX - 42 U.S.C. §1983 - Chief of Police and Unknown Police Supervisors - Supervisor Liability

146.    Smith hereby realleges and reincorporates paragraphs 1 through 145 as if fully set forth herein.

147.    The Chief of Police and the Unknown Police Supervisors were, at all times referred to herein, police officer(s) and/or detective(s) employed by the City of Virginia Beach and the City of Virginia Beach Police Department, and as such, they were responsible for the actions of their subordinates with regard to the enforcement of the laws of the Commonwealth of Virginia, and the laws and the Constitution of the United States of America including without limitation regarding the protection of individual constitutional rights.

148.    Smith sues the Chief of Police and the Unknown Police Supervisors in their individual capacities.

26

149.    At all times referred to herein, the Chief of Police and the Unknown Police Supervisors acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Virginia Beach and the police department thereof, as well as the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia.

150.    At all times relevant herein, the Chief of Police and the Unknown Police Supervisors worked for the City and the Police Department.

151.    Upon information and belief, the Chief of Police and the Unknown Police Supervisors had actual or constructive knowledge that their subordinates, including without limitation Officer Ray, one or more of the Other Officers and/or Bullard, acting under the color of the law enforcement authority of the Police Department, were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as Smith, including without limitation injury to Smith's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

152.    The Chief of Police and the Unknown Police Supervisors failed to respond to that knowledge, or alternatively, responded so inadequately, including without limitation a continued inaction in the face of widespread abuses, as to show deliberate indifference to or tacit authorization of the offensive practices of Officer Ray, one or more of the Other Officers and/or Bullard.

153.    The Chief of Police and the Unknown Police Supervisors violated Smith's rights under the United States Constitution, including without limitation that Officer Ray violated Smith's rights under the Fifth and/or Fourteenth Amendments to the United States Constitution.

27

154.    The Chief of Police and the Unknown Police Supervisors denied Smith of her right to due process under the law and/or upon information and belief misapplied the mechanisms of the United States government and/or of the government of the Commonwealth of Virginia charged with protecting these rights to such an extent as to deprive her of her due process under the law.

155.    The Chief of Police and the Unknown Police Supervisors denied Smith's right to due process under the law when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and of the Commonwealth of Virginia.

156.    The Chief of Police and the Unknown Police Supervisors negligently, or in the alternative upon information and belief, intentionally denied Smith the benefit of the aforementioned laws and the Constitution of the United States, including without limitation the Unknown Police Supervisors denying the protections of the Due Process Clause and as set forth in the Fifth and/or Fourteenth Amendment and other due process rights.

157.    As a direct and proximate cause of the actions of the Chief of Police and the Unknown Police Officers described above, Smith was denied due process when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and as a citizen and resident of the Commonwealth of Virginia.

158.    As a direct and proximate result of the above acts by the Chief of Police and the Unknown Police Supervisors committed under the color of law and under their authority as officers and/or detectives of the City of Virginia Beach police department, Smith suffered

28

injuries and harm in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, as well as by the Constitution of the Commonwealth of Virginia.

WHEREFORE, as to Count IX and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against the Chief of Police and the Unknown Police Supervisors, either as to each individually or jointly and severally, in the amount of $3,500,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such further and general relief as the nature of its case and justice may require and to equity shall seem meet.

## COUNT X - 42 U.S.C. §1983 - City of Virginia Beach - Liability for Acts of Tony Bullard

159.    Smith hereby realleges and reincorporates paragraphs 1 through 158 as if fully set forth herein.

160.    The City and/or the Police Department were responsible for enforcement of the laws of the Commonwealth of Virginia, and the laws and the Constitution of the United States of America including without limitation regarding the protection of individual constitutional rights.

161.    Officer Ray was, at all times referred to herein, a police officer employed by and acting at the direction of the City and the Police Department, and as such, he was responsible for enforcement of the laws of the Commonwealth of Virginia, and the laws and the Constitution of the United States of America including without limitation regarding the protection of individual

29

constitutional rights.

162. At all times relevant herein, Officer Ray and Bullard acted under the color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City and the Police Department thereof, as well as the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia.

163. The City and/or the Police Department, through Bullard, subjected Smith and/or caused Smith to be subjected to the deprivation of her constitutional rights, privileges and/or immunities secured by the laws of the Commonwealth of Virginia, and/or the laws and the Constitution of the United States of America.

164. The City and/or the Police Department, by and through Bullard, denied Smith's right to due process under the law and/or her right to be free from unreasonable search and seizure when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and of the Commonwealth of Virginia.

165. The City and/or the Police Department, by and through Bullard, negligently, or in the alternative upon information and belief, intentionally denied Smith the benefit of the aforementioned laws and the Constitution of the United States, including without limitation denying the constitutional protections as set forth in the Fourth, Fifth and/or Fourteenth Amendments and other constitutional rights and rights under the laws of the Commonwealth of Virginia and/or the United States of America.

166. As a direct and proximate result of the actions of the City and/or the Police Department, by and through Bullard, Smith has suffered injury and damages, including without

limitation inconvenience; has suffered and will suffer in the future pain of body and mind, i.e. physical and mental injury; has incurred and will incur in the future medical and related expenses to include but not be limited to an effort to be cured; humiliation; embarrassment; mental anguish; severe emotional distress; upon information and belief has sustained permanent physical injury; has been prevented from transacting her normal and usual activities; and has been deprived of earnings.

WHEREFORE, as to Count X and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against the City of Virginia Beach and/or the City of Virginia Beach Police Department, against each individually or holding them jointly and severally liable, in the amount of $3,500,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such further and general relief as the nature of its case and justice may require and to equity shall seem meet.

### COUNT XI - 42 U.S.C. §1983 - City and/or Police Department - Policy, Practice, Custom & Procedure

167.     Smith hereby realleges and reincorporates paragraphs 1 through 166 as if fully set forth herein.

168.     Upon information and belief, prior to the incident involving Smith, Officer Ray improperly used excessive force to detain Kerri Caldwell, Smith's former boyfriend's sister, and/or otherwise violated her constitutional rights.

169.     The City and/or Police Department had prior knowledge of the police use of

excessive force and assaultive conduct towards detainees and arrestees such as Smith including but not limited to the acts as described above.

170. Upon information and belief, the City and/or Police Department had prior knowledge of similar allegations of excessive force and/or assaultive conduct towards detainees and arrestees by Officer Ray and failed to, improperly, and/or defectively enforced established administrative procedures to insure the safety of an arrestee and/or detainee such as Smith;

171. Upon information and belief, the City and/or Police Department refused to meaningfully discipline, i.e. enforce discipline such that it deterred the unconstitutional behavior, Officer Ray and/or police officers who have committed excessive force assaultive conduct towards detainees and arrestees such as Smith.

172. Upon information and belief, the City and/or Police Department failed to investigate, investigate meaningfully, and/or investigate thoroughly deprivation of arrestees and detainees constitutional rights, including but not limited to use of excessive force upon them and/or unlawful arrest/imprisonment, such as Smith.

173. Upon information and belief, the City and/or Police Department promoted officers who displayed aggression and/or abusive behavior to arrestees and/or detainees such as Smith.

174. Upon information and belief, the City and/or Police Department failed to train and/or failed to train adequately police officers including but not limited to Officer Ray as shown by the acts described above.

175. All of the actions of Officer Ray, Sergeant Yarbrough, Unknown Police Supervisors, Alfred M. Jacocks, Chief of Police, and Other Officers including but not limited to those described above were in furtherance and under the color of the official policy, practice,

custom and/or procedure of the City and/or Police Department.

176.   The City and/or Police Department violated Smith's rights under the United States Constitution her rights under the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution.

177.   As a direct and proximate cause of all of the actions of Officer Ray, Sergeant Yarbrough, Unknown Police Supervisors, Alfred M. Jacocks, Chief of Police, and Other Officers including but not limited to those described above, Smith was deprived of her constitutional rights including but not limited to as described above when Smith was acting in accordance with her constitutional and statutory rights, privileges, and immunities both as a citizen of the United States of America and as a citizen and resident of the Commonwealth of Virginia.

178.   As a direct and proximate result All of the actions of Officer Ray, Sergeant Yarbrough, Unknown Police Supervisors, Alfred M. Jacocks, Chief of Police, and Other Officers including but not limited to those described above committed under the color of law and under authority as an officer, detective, and/or member of the City and/or the Police Department, Smith suffered injuries and harm, including without limitation injury to her reputation, physical injury and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America, as well as by the Constitution of the Commonwealth of Virginia, and other injuries and damages.

WHEREFORE, as to Count XI and reserving the right to seek and to add such other allegations as may be appropriate and determined by subsequent investigation and discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment against the

City of Virginia Beach and/or the City of Virginia Beach Police Department, against each

individually or alternatively holding them jointly and severally liable, in the amount of

$3,500,000; plus incidental damages as may be proved at trial; plus pre-judgment and post-

judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such

further and general relief as the nature of its case and justice may require and to equity shall seem

meet.

### COUNT XII - Punitive Damages

179.    Smith hereby reincorporates and realleges paragraphs 1 through 178 as if fully set

forth herein.

180.    All of aforesaid actions of Officer Ray, Tony Bullard, and/or one or more of the

Other Officers including but not limited to those described above were deliberately committed

with the intent to harm Smith and by reason of which Smith was injured as well as damaged and

is entitled to recover punitive damages.

181.    Additionally or in the alternative, that all of aforesaid actions of Officer Ray, Tony

Bullard, and/or one or more of the Other Officers including but not limited to those described

above constitute and/or were taken with malice, recklessness, willful and/or wanton conduct,

and/or a conscious disregard of Smith's rights, constitutional and/or otherwise, by reason of

which Smith was injured as well as damaged and is entitled to recover punitive damages.

WHEREFORE, as to Count XII, Punitive Damages, and reserving the right to seek and to

add such other allegations as may be appropriate and determined by subsequent investigation and

discovery, Amanda Smith, plaintiff, by counsel, respectfully prays that the Court grant judgment

against Officer R. R. Ray, one or more of the Other Officers, and/or Tony Bullard, either as to

34

each individually in the amount of $2,000,000.00, or jointly and severally, in the amount of

$6,000,000.00; plus incidental damages as may be proved at trial; plus pre-judgment and post-

judgment interest; plus her reasonable attorney's fees and costs in this behalf expended; and such

further and general relief as the nature of its case and justice may require and to equity shall seem

meet.

**JURY DEMAND**

Trial by jury is demanded.

Respectfully Submitted,
AMANDA D. SMITH

BY: _____
Of Counsel

Darren Marshall Hart, VSB #36794
Thomas Woodward Ashton, VSB #70776
HART & ASSOC., P.C.
10045 Midlothian Turnpike, Suite 201
Richmond, Virginia 23235
(804) 673-9339
(804) 673-9969 facsimile